IN THE DISTRICT COURT OF THE UNITED STATES
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| HOLLI WRICE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 1:16CV131 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## PARTIES' STATEMENT REGARDING AMENDED PETITION PURSUANT TO 28 U.S.C. § 2255

Comes now Brocca Morrison, Assistant Federal Defender, and Tiffany Becker, Assistant United State Attorney, and respectfully state the following regarding the parties' position on Holli Wrice's Amended Petition Pursuant to 28 U.S.C. § 2255.

1.      The parties have agreed that in this unusual case and in these limited circumstances, where the record in Ms. Wrice's case presents the potential for confusion, and considering her excellent institutional adjustment in the Bureau of Prisons, the parties do not oppose a vacation of her sentence on Counts I & IV only, and re-sentencing on these Counts to 37 months. This will result in a 26-month reduction in her current aggregate sentence of 147 months to 121 months.

1

2.      Ms. Wrice has been consulted regarding this possible resolution to her habeas petition and is in agreement with it.  She waives her right to appear should the Court accept the proposal.

3.      Ms. Wrice filed a motion to vacate her sentence pursuant to the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015) on June 17, 2016.  Doc. 1, Cause No. 1:16CV131 SNLJ.  Various pleadings have been filed by both parties and on May 11, this Court requested supplemental briefing on a number of issues of concern regarding her motion. This briefing is due on May 26, 2020, fourteen days from the filing of the partial transcript that was filed on May 12, 2020. Doc. # 114.  The parties have requested an extension of that deadline in order to complete negotiations regarding the instant proposed resolution of this action.

4.      Counsel for the United States and Ms. Wrice respectfully submit this proposed agreement for resolution of this case for the Court's consideration and approval in lieu of supplemental briefing.  This proposed resolution is offered in the interest of judicial economy and in order to achieve an outcome that is fair to both parties in light of the Court's concerns.

5.      This agreement will not result in Mr. Wrice's immediate release. She still has over nine years remaining on her sentence in the Southern

District of Illinois, arising out of another robbery offense she committed around the same time as the offense in this case. *See* Cause No. 10CR40065 JPG.

Basis for Parties' Agreement

6.    After having reviewed her entire case, counsel agree that the Sentencing Guidelines as calculated on Counts I and IV of her conviction would have better reflected the intent of the Sentencing Commission if she had not received an increase to her base offense level of 5 points under U.S.S.G. § 2B3.1(b)(2)(C).  The Guidelines suggest that an additional increase in the base offense level for the count to which the § 924(c) count refers, (in this case Count I) should not be applied.  *See* U.S.S.G. § 2K2.4 n. 4.  Ms. Wrice's Indictment (Count II) and Plea Agreement, specifically relate the § 924(c) count to the offense in Count I (a robbery offense involving brandishing a weapon) and not to Count IV (a drug offense involving throwing a weapon out of a car). Doc. # 2, Indictment & Doc. # 72, Plea Agreement at 11.

7.    The removal of the 5 points in the Guidelines calculation in this case would result in a total offense level of 21.  In her criminal history

category of I, the range of punishment would be 37 – 46 months imprisonment on Counts I & IV.[1]

8.      At the time of Ms. Wrice's original sentencing Count I and IV were imposed to run concurrently and since the Court imposed a Guidelines sentence on Count I of 63 months, a concurrent sentence at the statutory maximum on Count IV of 60 months had no impact on the total sentence imposed.

Exemplary Institutional Adjustment:

9.      During the last eleven years since she has been in the Bureau of Prisons, Ms. Wrice has shown her ability and commitment to following the rules, becoming a better person, and expressing remorse for her crimes.

---

[1] As calculated in the Presentence Investigation Report her base offense level for Count I was 20, with an additional 5 points for brandishing a firearm during the offense under U.S.S.G. § 2K2.4 n. 4, and an additional 4 more points for various offense characteristics resulting in a total of 29 points.  After reduction for acceptance of responsibility, the total offense level was 26 points and in criminal history category I, her range of punishment on Count I was 63 – 78 months. *See* Doc. # 76.   The Court imposed a sentence at the low end of the range – 63 months on Count I.  Doc. # 83.  Counts I and IV did not group but under the grouping rules of U.S.S.G. § 3D1.4, count IV did not increase the Guidelines sentence for both counts.

10.     Ms. M. Kirchner, the Budget Analyst at FMC Carswell, provides a character reference for Holli Wrice.  She reports that Ms. Wrice has worked as an employee (7:30 a.m. to 2:45 p.m. Monday through Friday) in the Financial Management department at Carswell for over three years - since January 2017. She states "with total confidence that Ms. Wrice has been a model Inmate during her stay." She also states that Ms. Wrice "has a solid character, a positive attitude and has displayed the upmost integrity while attempting to positively influence other inmates around her who may be lacking such qualities." She further stated, "[a]s an employee she is a focused, self-motivated individual . . . [and] is hardworking and displays enthusiasm in the task at hand. She has been willing to go the extra mile; she comes in to work on time, reports before her assigned working hours when needed and helps multiple department not assigned to her when asked regardless if she is compensated for the extra hours."

11.     Ms. Wrice has been paying her financial obligation and restitution with this income and she has completed a great deal of programming while incarcerated including both education and self-improvement classes (including a victim impact program which she completed in May, 2015).

5

12.   It is worth noting that Ms. Wrice's Life Connections program was an eighteen-month program, and she was the only one out of her class of 27 that was given the Most Humanitarian award.

WHEREFORE, it is respectfully requested that the Court vacate Ms. Wrice's sentence on Counts I & IV only, re-sentence her on these Counts to 37 months, and to otherwise deny her habeas petition.

Respectfully submitted,

*/s/ Brocca Morrison*                     */s/ Tiffany Becker*
Brocca Morrison                           Tiffany Becker
Assistant Federal Defender                Assistant United States Attorney
1010 Market, Suite 200                    111 South Tenth Street, 20th Floor
Saint Louis, Missouri 63101               Saint Louis, Missouri 63102
(314) 241-1255                            (314) 539-2200
Fax: (314) 421-3177                       Fax: (314) 539-2309
E-mail: Brocca_Morrison@fd.org  Email: tiffany.becker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2020, I transmitted the foregoing Entry of Appearance of Counsel, using the CM/ECF system, to the Clerk of Court and Tiffany G. Becker, Assistant United States Attorney.

*/s/Brocca Morrison*
Assistant Federal Public Defender

6